PEOPLE v. LEE HUNG.

January 23, 1884.

3 Pac. 109.

Appeal.—Where No Points and Authorities are Filed within the time allowed, judgment will be affirmed.

APPEAL from the Superior Court of Sacramento County.

An appeal was taken from an order sustaining a demurrer to an indictment for arson. No points and authorities were filed in the case.

C. T. Jones and J. W. Carter for appellant; Attorney General Marshall for respondent.

By the COURT.—No points and authorities have been filed in this case, although the time extended for that purpose has long since elapsed. It is therefore ordered that the judgment be affirmed.

Ex Parte BAILEY.

January 24, 1884.

3 Pac. 107.

Extradition.—Where, from the Return to a Writ of Habeas Corpus on behalf of a prisoner held under requisition proceedings, it appears that the proceedings are regular, and that the act of Congress concerning fugitives from justice has been substantially complied with, the prisoner will be remanded.

Application for a writ of habeas corpus.

The petitioner, Charles H. Bailey, was arrested, as a fugitive from justice, on a warrant issued by the governor of California upon demand of the governor of Oregon. Application was made for a writ of habeas corpus, petitioner

claiming to be unlawfully restrained of his liberty, in that the warrant under which he was arrested was issued without authority of law as no copy of an indictment found, or affidavit charging said petitioner with any crime, had been produced to the governor of California. The return showed the warrant issued as above, as authority for the arrest and as evidence of its regularity.

Frank O'Connor for petitioner; Alfred Clarke for respondent.

By the COURT.—Without passing on the question whether this court has the power to go behind the return herein, we say that it clearly appears to us, from the papers produced, on which the governor of this state acted, that his action was regular, and that it substantially complied with the act of Congress concerning fugitives from justice. The petitioner is therefore remanded.